UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| BIOPARQUES DE OCCIDENTE, S.A. DE C.V.; AGRICOLA LA PRIMAVERA, S.A. DE C.V.; AND KALIROY FRESH LLC;<br><br>*Plaintiffs*,<br><br>and<br><br>CONFEDERACION DE ASOCIACIONES AGRICOLAS DEL ESTADO DE SINALOA, A.C.; CONSEJO AGRICOLA DE BAJA CALIFORNIA, A.C.; ASOCIACION MEXICANA DE DE HORTICULTURA PROTEGIDA, A.C.; ASOCIACION DE PRODUCTORES DE HORTALIZAS DEL YAQUI Y MAYO; AND SISTEMA PRODUCTO TOMATE,<br><br>*Consolidated Plaintiffs,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant,*<br><br>and<br><br>THE FLORIDA TOMATO EXCHANGE,<br><br>*Defendant-Intervenor.* | Consol. Court No. 19-00204 |

**DEFENDANT-INTERVENOR'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the U.S. Court of International Trade, (USCIT R.12(b)(1)), defendant-intervenor, The Florida Tomato Exchange ("FTE"), respectfully requests that this Court dismiss the following claims for lack of subject matter jurisdiction: (1) claims 1(a), 1(b), and 1(c) in *Bioparques de Occidente, S.A. de C.V. v. United States*, No. 19-204 (*Bioparques* No. 19-204); (2) claims 1(a), 1(b), and 1(c) in *Bioparques de Occidente, S.A. de C.V. v. United States*, No. 19-210 (*Bioparques* No. 19-210); and (3) claims 1(a), 1(c), and 2

through 10 in *Bioparques de Occidente, S.A. de C.V. v. United States*, No. 20-35 (*Bioparques No. 20-35*) for the reasons explained in the Motion to Dismiss filed by defendant, the United States, ECF No. 65 (Sept. 20, 2022).  In the interest of efficiency, we concur with and hereby adopt the Issues Presented, Statement of Facts, Summary of the Argument, Argument, and Conclusions in defendant's September 20, 2022 Motion to Dismiss, as supplemented herein.[1]

*Supplement to Statement of Facts*

As defendant set forth in its Statement of Facts, Commerce and the Mexican signatories entered into a series of suspension agreements in 1996, 2002, and 2008.  In addition, on June 21, 2012, FTE sought to formally withdraw the 1996 petition that formed the predicate for the original investigation and all subsequent suspension agreements.  *See* Complaint in No. 13-148, ECF Doc. 7 (Apr. 19, 2013).  In FTE's view, the 2008 version of the suspension agreement no longer met the statutory requirements to eliminate 85 percent of dumping and did not prevent injury to the domestic industry.  *Id.*; s*ee also generally Fla. Tomato Exch. v. United States*, 255 F. Supp. 3d 1362, 1377-78 (Ct. Int'l Trade 2017) ("*Fla. Tomato Exch.*").  In response to FTE's request, Commerce initiated a changed circumstances review and preliminarily determined to terminate the investigation.  *See Fresh Tomatoes from Mexico:  Notice of Preliminary Results of Changed Circumstances Review and Intent to Terminate the Suspended Antidumping Investigation*, 77 Fed. Reg. 60103, 60104 (Oct. 2, 2012).

Commerce ultimately did not issue a final changed circumstances determination.  In the intervening time, Mexican signatories withdrew the 2008 Agreement, commenced new negotiations, and concluded a new suspension agreement with Commerce, the 2013 Agreement.

---

[1] For simplicity, we also adopt herein the nomenclature set forth in footnote 1 on page 2 of Defendant's Motion to Dismiss.

2

At that point, FTE appealed the 2013 Agreement for failure to meet the statutory legal requirements. *Florida Tomato Exchange*, No. 13-148. Following two remands by the Court,[2] and before the deadline for Commerce to file the second remand determination results, the Court stayed that appeal pending negotiations of the 2019 Agreement now in effect. The Court continued the stay of that appeal "pending final resolution" of a different case, *Jem D International (Michigan) v. US*, 2021-1292, which, among others, challenged the termination of the 2013 Agreement.

The Federal Circuit affirmed this Court's dismissal of Jem D's appeal, including, *inter alia*, Jem D's challenge to the termination of the 2013 Agreement, concluding that "it was properly dismissed for failure to state a claim." *Jem D Int'l Michigan Inc. USA v. United States*, 2022 U.S. App. LEXIS 1044*, *3-*4 (Fed. Cir. Apr. 14). Similarly, the Federal Circuit affirmed this Court's dismissal of claims filed by other parties regarding termination of the 2013 Agreement. *Confederacion de Asociaciones Agricolas Del. Estado de Sinaloa, A.C. v. United States*, 32 F.4th 1130, 1139, 1143 (Fed. Cir. 2022); *Bioparques de Occidente, S.A. de C.V. v. United States*, 31 F.4th 1336, 1343 (Fed. Cir. 2022). Given these decisions by the Federal Circuit, FTE moved to voluntarily dismiss its appeal of the 2013 Agreement, and the Court granted that motion on August 31, 2022. *Florida Tomato Exchange*, No. 13-148, ECF 137. CAADES also dismissed two of its related actions (Nos. 19-206 and 20-36) and amended one of

---

[2] *Fla. Tomato Exch. v. United States*, 107 F. Supp. 3d 1342 (Ct. Int'l Trade 2015) (concluding Commerce had not followed the notice, comment, and consultation requirements of 19 U.S.C. § 1673c(e)); *Fla. Tomato Exch. v. United States*, 255 F. Supp. 3d at 1380-81 (seeking further explanation how the 2013 Agreement met the legal requirements and requiring substantial evidence to support any remand determination).

its complaints (No. 19-203).[3] Unlike FTE and CAADES, Bioparques declined to take similar steps in response to the Federal Circuit's decisions.

*Supplement to Argument*

The 2019 Agreement constitutes an agreement under 19 U.S.C. § 1673c(c) to eliminate the "injurious effect" of the Mexican tomato imports, and not an agreement to eliminate dumping completely pursuant to 19 U.S.C. 1673c(b). Even if the 2019 Agreement were based upon the size of the dumping margins, Bioparques did not file any appeal pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iv) to challenge the 2019 Agreement or the impact on the 2019 Agreement of any change in the margins in the continued final investigation. As such, the statutory structure provided Bioparques with only one opportunity to challenge Commerce's final antidumping duty determination pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i). *See Usinas Siderurgicas de Minas Gerais, S/A. v. United States*, 201 F. Supp. 2d 1304, 1314-1315 (Ct. Int'l Trade 2002). Because the antidumping duty order had not yet been (and may never be) published, and given that the case concerned imports from Mexico (a NAFTA/USMCA country), the Federal Circuit found that Bioparques' opportunity to challenge Commerce's final determination need not await publication of an antidumping duty order. Thus, the Federal Circuit held "an affirmative final determination in a continued investigation that involves exports from an FTA country is reviewable under § 1516a(g)(3)(A)(i) as a determination under § 1516a(a)(2)(B)(i), which provides the Trade Court jurisdiction under 28 U.S.C. § 1581(c)." *Bioparques*, 31 F.4th 1336 at 1348.

---

[3] Red Sun Farms voluntarily dismissed its case (No. 19-205).

Consol. Court No. 19-00204

By holding that 28 U.S.C. § 1581(c) jurisdiction exists over Commerce's affirmative final determination in a continued investigation of tomato imports from Mexico as a review of a § 1516a(a)(2)(B)(i) final determination under § 1516a(g)(3)(A)(i), the Federal Circuit foreclosed the ability for Bioparques (or any other Mexican respondent) to challenge this determination at any other time (such as after any eventual publication of an antidumping duty order) or by invoking residual jurisdiction under 28 U.S.C. § 1581(i).  Accordingly, all claims by Bioparques pursuant to § 1581(i) residual jurisdiction should be dismissed.

*Conclusion*

For the reasons explained herein and in defendant's September 20, 2022 Motion to Dismiss, FTE respectfully requests that the Court dismiss the following claims for lack of subject matter jurisdiction:  (1) claims 1(a), 1(b), and 1(c) in *Bioparques* No. 19-204; (2) claims 1(a), 1(b), and 1(c) in *Bioparques* No. 19-210, and (3) claims 1(a), 1(c), and 2 through 10 in *Bioparques* No. 20-35.

Respectfully submitted,

Date:  September 21, 2022         /s/ Robert C. Cassidy, Jr.

Robert C. Cassidy, Jr.
Charles S. Levy
James R. Cannon, Jr.
Mary Jane Alves
Jonathan M. Zielinski
Nicole Brunda
**CASSIDY LEVY KENT (USA) LLP**
900 19th Street NW, Suite 400
Washington, DC 20006
202-567-2302
rcassidy@cassidylevy.com

*Counsel to The Florida Tomato Exchange*

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| BIOPARQUES DE OCCIDENTE, S.A. DE C.V.; AGRICOLA LA PRIMAVERA, S.A. DE C.V.; AND KALIROY FRESH LLC;<br><br>*Plaintiffs*,<br><br>and<br><br>CONFEDERACION DE ASOCIACIONES AGRICOLAS DEL ESTADO DE SINALOA, A.C.; CONSEJO AGRICOLA DE BAJA CALIFORNIA, A.C.; ASOCIACION MEXICANA DE DE HORTICULTURA PROTEGIDA, A.C.; ASOCIACION DE PRODUCTORES DE HORTALIZAS DEL YAQUI Y MAYO; AND SISTEMA PRODUCTO TOMATE,<br><br>*Consolidated Plaintiffs*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*,<br><br>and<br><br>THE FLORIDA TOMATO EXCHANGE,<br><br>*Defendant-Intervenor*. | Consol. Court No. 19-00204 |

**ORDER**

Upon consideration of Defendant and Defendant-Intervenor's Motions to Dismiss and all other papers and proceedings herein, it is hereby **ORDERED** that Defendant and Defendant Intervenor's Motions to Dismiss are granted, and

it is hereby **ORDERED** that (1) claims 1(a), 1(b), and 1(c) in *Bioparques* No. 19 204; (2) claims 1(a), 1(b), and 1(c) in *Bioparques* No. 19 210, and (3) claims 1(a), 1(c), and 2 through 10 in *Bioparques* No. 20 35 are hereby **DISMISSED**.

Dated: _____                    _____
       New York, New York                          Jennifer Choe-Groves, Judge