IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| BIOPARQUES DE OCCIDENTE, S.A. DE C.V., AGRICOLA LA PRIMAVERA, S.A. DE C.V., and KALIROY FRESH LLC, <br><br> Plaintiffs, <br><br> and <br><br> CONFEDERACION DE ASOCIACIONES AGRICOLAS DEL ESTADO DE SINALOA, A.C., CONSEJO AGRICOLA DE BAJA CALIFORNIA, A.C., ASOCIACION MEXICANA DE HORTICULTURA PROTEGIDA, A.C., ASOCIACION DE PRODUCTORES DE HORTALIZAS DEL YAQUI Y MAYO, and SISTEMA PRODUCTO TOMATE, <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE FLORIDA TOMATO EXCHANGE, <br><br> Defendant-Intervenor. | Consol. Court No. 19-00204 |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade (USCIT R.), defendant, the United States, respectfully submits this reply in support of its motion to dismiss the following claims for lack of subject matter jurisdiction: (1) claims 1(a), 1(b), and 1(c) in *Bioparques de Occidente, S.A. de C.V. v. United States*, No. 19-204 (*Bioparques* No. 19-

204); (2) claims 1(a), 1(b), and 1(c) in *Bioparques de Occidente, S.A. de C.V. v. United States*, No. 19-210 (*Bioparques* No. 19-210); and (3) claims 1(a), 1(c), and 2 through 9 in *Bioparques de Occidente, S.A. de C.V. v. United States*, No. 20-35 (*Bioparques* No. 20-35).[1]  As demonstrated in our motion, Bioparques has not conformed its pleadings with recent decisions of the United States Court of Appeals for the Federal Circuit, and these claims are jurisdictionally defective.[2]  The response by Bioparques in opposition to our motion does not require much discussion.

In our motion, we demonstrated that claim 1(b) in *Bioparques* Nos. 19-204 and 19-210 challenges the withdrawal from the 2013 Suspension Agreement and asserts jurisdiction pursuant to 28 U.S.C. § 1581(c), notwithstanding the Federal Circuit's holdings in *CAADES II* that this Court does not possess section 1581(c) jurisdiction to entertain the merits of that claim, and the merits of that claim otherwise failed to state a plausible claim for relief invoking the Court's residual jurisdiction pursuant to section 1581(i) in *Bioparques* No. 20-35.  *See Confederación de Asociaciones Agricolas del Estado de Sinaloa, A.C. v. United States*, 32 F.4th 1130, 1338, 1339-43 (Fed. Cir. 2022) (*CAADES II*).  In response, Bioparques asserts that our argument is "frivolous" because the Federal Circuit held that section 1581(i) jurisdiction existed over claim

---

[1] In our motion, we requested dismissal of claims 1 through 10 in *Bioparques* No. 20-35, but unlike *Bioparques* Nos. 19-204 and 19-210, which have 10 claims, *Bioparques* No. 20-35 only has nine claims.  We meant to request dismissal of all nine claims in *Bioparques* No. 20-35.

[2] In this reply, we refer to the following plaintiffs collectively as "Bioparques:" (1) Bioparques de Occidente, S.A. de C.V.; (2) Agricola La Primavera, S.A. de C.V.; and (3) Kaliroy Fresh LLC.  We also refer to the following consolidated plaintiffs collectively as "CAADES":  (1) Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C.; (2) Consejo Agricola de Baja California, A.C.; (3) Asociacion Mexicana de Horticultura Protegida, A.C.; (4) Asociacion de Productores de Hortalizas del Yaqui Y Mayo; and (5) Sistema Producto Tomate.  Furthermore, we refer to defendant-intervenor Florida Tomato Exchange as "FTE."  We also refer to the following parties in a related case (No. 19-127) collectively as "Jem D:"  Jem D International (Michigan), Inc., USA; Jem D Marketing (Virginia), Inc.; Red Sun Farms Holdings USA, LLC; and Red Sun Farms Virginia, LLC.  Finally, we refer to Red Sun Farms, a party in another related case (No. 19-205), as "Red Sun."

1(b) in *CAADES II*. Bioparques Resp. 3. However, claim 1(b) in *Bioparques* Nos. 19-204 and 19-210 is predicated upon section 1581(c) jurisdiction, and the same claim cannot simultaneously exist under section 1581(i). *See*, *e.g.*, *Erwin Hymer Grp. N. America, Inc. v. United States*, 930 F.3d 1370, 1374-75 (Fed. Cir. 2019); *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191-92 (Fed. Cir. 2018); *Int'l Custom Prods., Inc. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006); *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987). Bioparques also "disagree[s]" with other aspects of *CAADES II*, and Bioparques "reserve[s] the right to petition the Supreme Court to review" that decision, Bioparques Resp. 4, but it is manifest that this Court is bound to follow *CAADES II* in the meantime. *See Crowley v. United States*, 398 F.3d 1329 (Fed. Cir. 2005) (trial courts "may not deviate from the precedent of . . . the Federal Circuit any more than the Federal Circuit can deviate from the precedent of the United States Supreme Court"); *Timken Co. v. United States*, 852 F. Supp. 1122, 1131 (Ct. Int'l Trade 1994) ("This Court is bound to follow the decision of the Court of Appeals for the Federal Circuit[.]").

In our motion, we also demonstrated that claims 1(a) and 1(c) in *Bioparques* Nos. 19-204, 19-210, and 20-35 challenge the May 2019 decision by Commerce to resume or continue the antidumping investigation, notwithstanding the Federal Circuit's holdings in *CAADES II* and *Jem D II* that there is no independent jurisdiction to entertain such challenges to that interim decision. *See CAADES II*, 32 F.4th at 1145; *Jem D Int'l (Mich.) Inc. USA v. United States*, No. 2021-1292, 2022 U.S. App. LEXIS 10044, at *4, 2022 WL 1112813 (Fed. Cir. Apr. 14, 2022) (*Jem D II*). In response, Bioparques argues that it can challenge that interim decision because it is also challenging various aspects of the Final Determination. Bioparques Resp. 4-6. In *CAADES II*, however, the Federal Circuit affirmed the dismissal of identical challenges to the same interim decision by Commerce, *notwithstanding* the Federal Circuit's holding that

CAADES could proceed with its challenges to the Final Determination. *CAADES II*, 32 F.4th at 1135, 1144, 1145. Accordingly, the Court should follow *CAADES II* and dismiss the interim decision claims 1(a) and 1(c) in *Bioparques* Nos. 19-204, 19-210, and 20-35.

Finally, in our motion, we demonstrated that the remaining claims in *Bioparques* No. 20-35 challenge the final determination and assert residual jurisdiction pursuant to 28 U.S.C. § 1581(i), notwithstanding the Federal Circuit's holdings in *Bioparques II* and *Red Sun II* that section 1581(c) jurisdiction exists. *See Bioparques De Occidente, S.A. de C.V. v. United States*, 31 F.4th 1336, 1346-48 (Fed. Cir. 2022) (*Bioparques II*); *Red Sun Farms v. United States*, 30 F.4th 1358, 1361-64 (Fed. Cir. 2022) (*Red Sun II*). In response, Bioparques concedes that section 1581(c) jurisdiction exists, but nevertheless argues that the Court should wait to rule on whether section 1581(i) jurisdiction exists until a "final decision in this appeal." Bioparques Resp. 6-9. Yet, the Federal Circuit already has spoken on the matter in *Bioparques II* and *Red Sun II*, this Court is bound to follow those decisions on remand, and this Court must resolve the "threshold" jurisdictional issues at the outset of the case, not at the end. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (jurisdiction is "a threshold question that must be resolved . . . before proceeding to the merits"). It also will promote judicial economy and efficient case management for the Court to resolve straightforward jurisdictional issues prior to the start of merits briefing in this consolidated case.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court dismiss the following claims for lack of subject matter jurisdiction: (1) claims 1(a), 1(b), and 1(c) in *Bioparques* No. 19-204; (2) claims 1(a), 1(b), and 1(c) in *Bioparques* No. 19-210; and (3) claims 1(a), 1(c), and 2 through 9 in *Bioparques* No. 20-35.

- 5 -

                                  Respectfully submitted,

                                  BRIAN M. BOYNTON
                                  Principal Deputy Assistant Attorney General

                                  PATRICIA M. MCCARTHY
                                  Director

                                  s/ Franklin E. White, Jr.
                                  FRANKLIN E. WHITE, JR.
                                  Assistant Director

Of Counsel:                          s/ Douglas G. Edelschick
                                  DOUGLAS G. EDELSCHICK
EMMA T. HUNTER               Senior Trial Counsel
Assistant Chief Counsel        Commercial Litigation Branch
Office of the Chief Counsel for   Civil Division
    Trade Enforcement and Compliance   United States Department of Justice
United States Department of Commerce   P.O. Box 480, Ben Franklin Station
                                  Washington, DC 20044
                                  Tel: (202) 353-9303

October 28, 2022                   Attorneys for Defendant

CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains 1,142 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

s/ Douglas G. Edelschick