UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| BIOPARQUES DE OCCIDENTE, S.A. DE C.V., AGRICOLA LA PRIMAVERA, S.A. DE C.V., AND KALIROY FRESH LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>THE FLORIDA TOMATO EXCHANGE,<br><br>Defendant-Intervenor. | Consolidated<br>Court No. 19-00204 |

PLAINTIFFS' SUR-REPLY TO DEFENDANT AND DEFENDANT-INTERVENOR'S
REPLIES IN SUPPORT OF MOTION TO DISMISS

In accordance with the Court's November 4 Order (ECF No. 71), Plaintiffs

Bioparques de Occidente, S.A. de C.V., Agricola La Primavera, S.A. de C.V., and Kaliroy

Fresh LLC ("Plaintiffs") submit this Sur-Reply to Defendant's Reply in Support of Motion

to Dismiss (ECF No. 68) and Defendant-Intervenor's Reply in Support of Motion to

Dismiss (ECF No. 69).

ARGUMENT

Plaintiffs filed three separate actions in this case challenging the Department of

Commerce's ("Commerce") final determination in the Less-Than-Fair-Value Investigation

of *Fresh Tomatoes from Mexico*.[1]  The three complaints filed by Plaintiffs all present the

same substantive claims and differ only in the sense that each asserts jurisdiction under a

different statutory provision.  Plaintiffs filed three separate complaints because each

statutory provision of jurisdiction asserted was subject to different filing deadlines.[2]  This

Court has since consolidated the three actions into one.[3]  The issue before the Court is

whether it has jurisdiction to hear the claims asserted in the consolidated action.

> A.   *This Court has Subject-Matter*
> *Jurisdiction to Hear Claim 1(b)*

Claim 1(b) challenges Commerce's unlawful termination of the 2013 Suspension

Agreement.[4]  The Federal Circuit expressly held that there is jurisdiction to hear this

challenge under 28 U.S.C. § 1581(i).[5]  Consequently, Defendant's motion to dismiss this

claim for lack of subject-matter jurisdiction must be rejected.

---

[1] *Fresh Tomatoes from Mexico: Final Determination of Sales at Less Than Fair Value*,
84 Fed. Reg. 57401 (Oct. 25, 2019).

[2] For appeals of final determinations under 19 U.S.C. § 1516a(a)(2)(B)(iv), the summons
must be filed within 30 days after publication of the final determination, and the complaint
within 30 days thereafter. *See* 19 U.S.C. § 1516a(a)(2)(A) and (B)(iv).  For appeals of final
determinations involving NAFTA countries under 19 U.S.C. § 1516a(a)(2)(B)(i), the
summons must be filed *after* 30 days following the publication of the final determination
(*i.e.*, after the deadline for requesting a review by a binational panel under NAFTA has
expired), and the complaint within 30 days thereafter. *See* 19 U.S.C. § 1516a(g)(3)(A)(i).
Finally, appeals that assert jurisdiction pursuant to 28 U.S.C. § 1581(i), the summons and
the complaint must be filed simultaneously. *See* CIT Rule 3(a)(3).

[3] *See* Court's September 1, 2022, Order (ECF No. 36).

[4] *See* Plaintiffs' Amended Complaint in Ct. No. 19-204 at 6 (ECF No. 64); Plaintiffs'
Amended Complaint in Ct. No. 19-210 at 6 (ECF No. 67); Plaintiffs' Complaint in Ct. No.
20-035 at 6 (EFC No. 4).

[5] *See Confederacion de Asociaciones Agricolas del Estado de Sinaloa ("CAADES") v.
U.S.*, 32 F.4th 1130, 1138 (Fed. Cir. 2022) ("We first address the claim that the 2013

(continued)

Defendant states that the Federal Circuit concluded that a challenge to Commerce's decision to terminate the 2013 Suspension Agreement "fails to state a claim upon which relief can be granted."  However, that is not an issue of jurisdiction.[6]  Defendant's motion to dismiss was brought pursuant to Rule 12(b)(1) of this Court's rules.  Accordingly,  the only issue before the Court is whether it has jurisdiction to hear the claims asserted in the consolidated action.  As mentioned, the Federal Circuit has held that there is jurisdiction to hear Claim 1(b).  Defendant's request to dismiss that claim for lack of subject-matter jurisdiction therefore has no merit.

B.   *This Court has Subject-Matter Jurisdiction to Hear Claims 2 through 9*

Defendant's Motion to Dismiss does not actually move to dismiss any of the challenges presented in Claims 2 through 9 of Plaintiffs' Complaints.[7]  In fact, Defendant concedes that there is jurisdiction to hear Claims 2 through 9 of Plaintiffs' Complaints

---

(continued)
agreement was improperly terminated … We have jurisdiction under the residual provision.").

[6] *See* Defendant's Reply in Support of Motion to Dismiss at 2 (ECF No. 68).

[7] We note that, in its Motion to Dismiss, Defendant-Intervenor also did not ask the Court to dismiss Claims 2-9. *See* Defendant-Intervenor's September 21 Motion to Dismiss. (ECF No. 66).  In this regard, Defendant-Intervenor asserted in its Reply that Plaintiffs did not address the arguments Defendant-Intervenor made in its Motion to Dismiss. *See* Defendant-Intervenor's November 3 Reply at 2 (ECF No. 69).  That is not correct. Defendant-Intervenor incorporated by reference the arguments Defendant set forth in its own Motion to Dismiss, and Defendant-Intervenor's "supplemental argument" did not put forward any new arguments.  The "supplemental argument" section of Defendant-Intervenor's motion asked this Court to dismiss the claims of Plaintiffs' Complaint in Court No. 20-035 because the Federal Circuit found that there is jurisdiction to hear those claims under section 1581(c).  Plaintiffs' response to this argument appears on pages 6 through 9 of Plaintiffs' Response to the Motions to Dismiss. *See* Plaintiffs' October 19 Response to Motions to Dismiss at 6-9 (ECF No. 67).

pursuant to section 1581(c).[8]  Instead, Defendant asks this Court to dismiss an alternative

*theory* of jurisdiction.  To support that argument, Defendant asserts that this is a

jurisdictional issue the Court must address at the outset of the case.[9]  Defendant is

incorrect.

There is no requirement that questions concerning the dismissal of any alternative

theory of jurisdiction must be decided at the outset of the case.  Instead, the Court is only

required to determine whether it has some basis for jurisdiction to hear a claim at the outset

of the case.  Since Defendant themselves admit that jurisdiction does exist under section

1581(c) to hear Claims 2 through 9, Defendant has provided no justification to dismiss

these claims.  And, as explained in our October 19 Response, we believe that judicial

efficiency would best be served by delaying any decision on the precise jurisdictional basis

for consideration of Claims 2 through 9 of Plaintiffs' Complaints until the Court renders its

final decision on all of the issues in the appeal.[10]

> C.    *This Court has Subject-Matter*
> *Jurisdiction to Hear Claims 1(a) and 1(c)*

Defendant also argues that this Court should dismiss Claims 1(a) and 1(c) of

Plaintiffs' Complaints because there is a blanket bar against appeals of "interim"

---

[8] *See* Defendant's September 20 Motion to Dismiss at 14 (ECF No. 65) ("Specifically, in *Bioparques II*, the Federal Circuit held that this Court possesses jurisdiction to entertain challenges to the final determination pursuant to 28 U.S.C. § 1581(c)." (citing *Bioparques de Occidente, S.A. de C.V. v. United States*, 31 F.4th 1336 (Fed. Cir. 2022)).

[9] *See* Defendant's Reply in Support of Motion to Dismiss at 4 (ECF No. 68).

[10] *See* Plaintiffs' October 19 Response to Motions to Dismiss at 9 (ECF No. 67).

decisions.[11]  That position is plainly incorrect.  In fact, the Courts have allowed "interim"

decisions by Commerce to be challenged in an appeal.[12]

Whether jurisdiction exists under the jurisdictional provisions of the statute does not

depend on whether the challenge is an "interim" decision or not.  In fact, nothing in the

statute indicates that *any* decisions by Commerce are immune from judicial review.  The

only issue is whether a plaintiff may (and is required to) appeal as part of a challenge to the

final determination (pursuant to section 1581(c)) or whether the plaintiff is allowed to

appeal independently of the final determination (pursuant to section 1581(i)).

Under the Courts' past decisions, any decision made by Commerce during a

proceeding that contributed to the final determination can be challenged in an appeal of the

final determination under section 1581(c).[13]  In such circumstances, jurisdiction under

Section 1581(i) is not needed because plaintiffs normally do not suffer serious harm from

waiting for the final determination before filing an appeal. In that case, the plaintiff's

challenge to a decision made by Commerce during a proceeding is fairly subsumed within

Commerce's final determination.  However, in some circumstances where delay of the

appeal would harm the plaintiff, jurisdiction under section 1581(i) may be appropriate.

Accordingly, the only issue concerning Claims 1(a) and 1(c) of Plaintiffs' Complaints

is whether those claims address issues that are fairly subsumed within Commerce's final

---

[11] *See* Defendant's Reply in Support of Motion to Dismiss at 3-4 (ECF No. 68).

[12] *See, e.g.*, *Jem D Int'l Inc. v. U.S.*, No. 2021-1292, 2022 WL 1112813, at *2 (Fed. Cir. Apr. 14, 2022); *CAADES v. U.S.*, 32 F.4th 1130, 1145 (Fed. Cir. 2022); *Gov't of People's Republic of China v. United State*s, 483 F. Supp. 2d 1274, 1281 (Ct. of Int'l Trade 2007).

[13] *See id.*

determination in the continued investigation of *Fresh Tomatoes from Mexico*.  Claim 1(a) addresses the issue of whether Commerce could properly continue the investigation in light of the U.S. Domestic Industry's withdrawal of the petition.  Claim 1(c) addresses the issue of whether Commerce could properly continue the investigation even though the U.S. Domestic Industry had failed to request continuation of the investigation within the statutory deadline.  These claims are not challenges to "interim" decisions.  They are arguments that Commerce lacked the *authority* to make a final determination in the continued investigation.  In our view, such a claim is fairly subsumed within the final determination, and there is jurisdiction under section 1581(c) to hear that claim.  However, if the Court were to find that jurisdiction was not available under section 1581(c), then jurisdiction under section 1581(i) would be appropriate.  Since jurisdiction would exist under either of the two options, there is no basis to dismiss Claims 1(a) and 1(c) for lack of subject-matter jurisdiction.

CONCLUSION

Plaintiffs have demonstrated that this Court has jurisdiction to hear all the claims in this consolidated action.  In light of the foregoing, Plaintiffs respectfully request that the Court deny the Motions by Defendant and Defendant-Intervenor to Dismiss portions of Plaintiffs' Complaints.

Respectfully submitted,

/s/ Jeffrey M. Winton
Jeffrey M. Winton
Ruby Rodriguez
Vi N. Mai

- 7 -

WINTON & CHAPMAN PLLC
1900 L. St., N.W., Suite 611
Washington, DC  20036
(202) 774-5500

Attorneys for Bioparques de Occidente,
    S.A. de C.V., Agricola La Primavera,
    S.A. de C.V, and Kaliroy Fresh LLC


Dated:  November 14, 2022