UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |  |
|---|---|---|
| BIOPARQUES DE OCCIDENTE, S.A. DE C.V., AGRICOLA LA PRIMAVERA, S.A. DE C.V., AND KALIROY FRESH LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES, | ) ) | Consolidated Court No. 19-00204 |
| Defendant, | ) ) | |
| and | ) ) | |
| THE FLORIDA TOMATO EXCHANGE, | ) ) | |
| Defendant-Intervenor. | ) ) ) | |

PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

On behalf of Bioparques de Occidente, S.A. de C.V., Agricola La Primavera, S.A. de C.V, and Kaliroy Fresh LLC ("Plaintiffs"), we respectfully provide this Notice of Supplemental Authority concerning a recent decision by this Court in *Goodluck India Limited v. United States* (Ct. No. 22-00024).[1]  This Court's decision in *Goodluck India* speaks directly to an issue raised by the motion by Defendant and Defendant-Intervenor to dismiss certain claims raised by Plaintiffs.

The issue before the Court in *Goodluck India* was "whether a party may move to dismiss one of the alternatively pleaded grounds of jurisdiction" by filing a motion to dismiss for lack of subject-matter jurisdiction.[2]  The plaintiff's complaint in *Goodluck*

---

[1] *See* Court's December 1, 2022, Order Denying Defendant's Partial Motion to Dismiss (Ct. No. 22-00024) (ECF No. 37) (hereinafter, "*Goodluck India*").  For the Court's convenience, a copy of Judge Katzmann's decision is attached.

[2] *Goodluck India* at 3.

*India* had asserted jurisdiction in the alternative under both 28 U.S.C. §§ 1581(c) and

1581(i).[3]  Defendant argued that the assertion of jurisdiction under § 1581(c) should be

dismissed because jurisdiction to hear the claims could exist only under § 1581(i).[4]

The Court rejected that motion.  As the Court in *Goodluck India* explained, when

presented with a motion to dismiss for lack of subject-matter jurisdiction, the central

focus is whether the court has statutory or constitutional power to adjudicate the case.[5]

Because Defendant conceded that there was jurisdiction to hear the claims in the

complaint under § 1581(i), the Court in *Goodluck India* determined that it had power to

adjudicate and denied the motion to dismiss for lack of subject matter jurisdiction.[6]

As the Court is aware, the present case involves three consolidated actions that

raise identical claims under alternate theories of jurisdiction.[7]  All Parties agree that

there is jurisdiction to hear claims 1(b) and 2 to 10 of Plaintiffs' Complaints under one

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.* at 4 ("The Government's Motion, however, does not focus on this central question of the court's power to adjudicate. At the end of the day, the Government concedes that the court has the power to hear both counts brought forth by Goodluck.").

The *Goodluck India* decision also made clear that Rule 8 of the Rules of the U.S. Court of International Trade permits a party to plead alternative grounds of jurisdiction. *See id.* ("Further, since Goodluck alternatively pleaded grounds of jurisdiction as permitted under Rule 8(e) of this court, the Complaint has met the court's liberal pleading requirements and the mere use of alternative pleading does not render the Complaint insufficient.").

[7] The only difference in the Claims set forth in Plaintiffs' Complaints was that Claim 10 of Plaintiffs' Complaints in Court Nos. 19-204 and 19-210 was not included in the statement of claims in Plaintiffs' Complaint in Court No. 20-035.

statutory provision or another.[8]  Consequently, under the logic of the *Goodluck India*

decision, there is no basis to dismiss those claims for lack of subject-matter jurisdiction.

Respectfully submitted,

/s/ Jeffrey M. Winton
Jeffrey M. Winton
Ruby Rodriguez
WINTON & CHAPMAN PLLC
1900 L St. NW, Suite 611
Washington, DC 20036
(202) 774-5500

Attorneys for Bioparques de Occidente,
    S.A. de C.V., Agricola La Primavera,
    S.A. de C.V, and Kaliroy Fresh LLC

Date: December 14, 2022

---

[8] *See* Plaintiffs' November 14, 2022, Sur-Reply to Defendant and Defendant-Intervenor's Replies in Support of Motion to Dismiss at 2-6 (ECF No. 72).

   Defendants have contended that the Court does not have jurisdiction over Claims 1(a) and 1(c) of Plaintiffs' Complaints under any theory.  Our response to that argument has been set forth in our October 19 and November 14 responses. *See* Plaintiffs' October 19, 2022, Response to Motions to Dismiss at 4-6 (ECF No. 67), and Plaintiffs' November 14, 2022, Sur-Reply to Defendant and Defendant-Intervenor's Replies in Support of Motion to Dismiss at 4-6 (ECF No. 72).

Attachment

Slip Op. 22-133

## UNITED STATES COURT OF INTERNATIONAL TRADE

GOODLUCK INDIA LIMITED,

      Plaintiff,

      v.

UNITED STATES,

      Defendant,

      and

ARCELORMITTAL TUBULAR
PRODUCTS, MICHIGAN SEAMLESS
TUBE, LLC, PTC ALLIANCE CORP.,
WEBCO INDUSTRIES, INC.,
ZEKELMAN INDUSTRIES, INC., AND
PLYMOUTH TUBE CO., USA,

      Defendant-Intervenors.

Before: Gary S. Katzmann, Judge
Court No. 22-00024

## MEMORANDUM AND ORDER

[Defendant's Partial Motion to Dismiss is denied.]

Dated: <u>December 1, 2022</u>

<u>Jordan C. Kahn</u>, Grunfeld Desiderio Lebowitz Silverman & Klestdt, LLP, of New York, N.Y. and Washington, D.C., argued for Plaintiff Goodluck India Limited. With him on the briefs were <u>Ned H. Marshak</u> and <u>Michael S. Holton</u>.

<u>Ioana Cristei</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., argued for Defendant United States. With her on the briefs were <u>Brian M. Boynton</u>, Principal Deputy Assistant Attorney General, <u>Patricia M. McCarthy</u>, Director, and <u>Claudia Burke</u>, Assistant Director. Of Counsel <u>Ayat Mujais</u>, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance.

<u>David C. Smith, Jr.</u>, Kelley Drye & Warren, LLP, of Washington, D.C., for Defendant-Intervenors ArcelorMittal Tubular Products, Michigan Seamless Tube, LLC, PTC Alliance Corp., Webco Industries, Inc., Zekelman Industries, Inc., and Plymouth Tube Co., USA.

Katzmann, Judge:   Before the court is Defendant United States' ("the Government")

Motion to Partially Dismiss Plaintiff Goodluck India Limited's ("Goodluck") Complaint for lack

of subject matter jurisdiction.  That Complaint contests the final agency action by the Department

of Commerce ("Commerce") concerning the assessment of antidumping duties ("ADD") on

Goodluck's entries subject to the third administrative review ("AR3") of the ADD Order on certain

cold-drawn mechanical tubing of carbon and alloy steel from India, with a period of review

spanning June 1, 2020 through May 31, 2021.  See Compl. at 1, Jan. 27, 2022, ECF No. 2

("Compl.").  Goodluck set forth two counts in its Complaint, challenging (1) Commerce's decision

to issue instructions based on the automatic assessment policy of 19 C.F.R. § 351.212(c) (2022)[1]

to liquidate Goodluck's entries during AR3 at an ADD rate of 33.70 percent, and (2) Commerce's

decision to designate September 10, 2021 as the effective date for this rate.  See Compl. at 9–12.

Goodluck pleaded two alternative grounds of jurisdiction supporting those claims, 28 U.S.C. §

1581(c) and § 1581(i).  Id. at 89.  Without seeking dismissal of the two counts, the Government's

---

[1]  In 1984, Congress amended 19 U.S.C. § 1675 so that administrative reviews would be available only on request, replacing the prior practice of automatically reviewing all antidumping or countervailing orders.  See Pub. L. No. 98-573, § 611, 98 Stat. 3031 (1984).  Because administrative reviews under § 1675(a) are now granted only on request, not all entries of subject merchandise are necessarily subject to the requested review.  Congress foresaw this possibility of a gap but delegated to Commerce the responsibility to regulate on this issue.  See H.R.Rep. No. 98-1156, at 181 (1984) (Conf. Rep.), as reprinted in 1984 U.S.C.C.A.N. 5220, 5298.  Commerce therefore promulgated 19 C.F.R. § 353.53a(d) (1985), which was the precursor to the current automatic assessment regulation in 19 C.F.R. § 351.212(c) (2022).  Under the current regulation that has not been substantially altered in content from 1985:

> (1) If the Secretary does not receive a timely request for an administrative review of an order . . .  the Secretary, without additional notice, will instruct the Customs Service to:
>> (i) Assess antidumping duties or countervailing duties . . . at rates equal to the cash deposit of, or bond for, estimated antidumping duties or countervailing duties required on that merchandise at the time of entry, or withdrawal from warehouse, for consumption . . . .

19 C.F.R. § 351.212(c) (2022).

moves to "partially dismiss the [C]omplaint" to the "extent that [Goodluck's] [C]omplaint avers jurisdiction under 28 U.S.C. § 1581(c)," and argues that "the proper jurisdictional basis is 28 U.S.C. § 1581(i)."  Def.'s Partial Mot. to Dismiss for Lack of 28 U.S.C. § 1581(c) Jurisdiction at 1, 9, Apr. 6, 2022, ECF No. 23 ("Def.'s Br."); see also Def.'s Resp. to Ct.'s Questions for Oral Arg. at 2, Sept. 13, 2022 , ECF No. 32 ("Def.'s OAQ Resp.").  The question before the court is whether a party may move to dismiss one of the alternatively pleaded grounds of jurisdiction. Because the Government's Motion as styled is not the proper vehicle for the reasons set below, the Motion is denied.

## STANDARD OF REVIEW

When a party has moved to dismiss for lack of subject matter jurisdiction, dismissal is inappropriate "if the facts reveal any reasonable basis upon which the non-movant may prevail." Airport Rd. Assocs., Ltd. v. United States, 866 F.3d 1346, 1351 (Fed. Cir. 2017) (internal citation omitted).  A party invoking this court's jurisdiction "has the burden of establishing that jurisdiction," Wanxiang America Corp. v. United States, 12 F.4th 1369, 1373 (Fed. Cir. 2021), and thus it is "settled that [the] party invoking federal court jurisdiction must allege sufficient facts . . . to establish the court's jurisdiction." DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006).  The jurisdictional allegations' "[s]ubstance, not form, is controlling." Williams v. Sec'y of Navy, 787 F.2d 552, 557 (Fed. Cir. 1986).

## DISCUSSION

Jurisdiction "is a word of many, too many, meanings." Kontrick v. Ryan, 540 U.S. 443, 454 (2004) (unanimous opinion) (citations omitted).  That said, the currently accepted definition of federal subject-matter jurisdiction is "the courts' statutory or constitutional power to adjudicate the case. United States v. Cotton, 535 U.S. 625, 630 (2002) (emphasis in original) (citing Steel

Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)); see also Arbaugh v. Y&H Corp., 546

U.S. 500, 510 (2006).  The Government's Motion, however, does not focus on this central question

of the court's power to adjudicate.  At the end of the day, the Government concedes that the court

has the power to hear both counts brought forth by Goodluck.  See Def.'s OAQ Resp. at 2.  Instead

of seeking to dismiss one of the counts or any part thereof, the Government asks the court to

determine the "proper jurisdictional basis."  Def.'s Br. at 9; see also Def.'s OAQ Resp. at 2.  The

court thus questions whether such a motion can be properly construed as a partial motion to dismiss

for lack of subject matter jurisdiction.  Further, since Goodluck alternatively pleaded grounds of

jurisdiction as permitted under Rule 8(e) of this court, the Complaint has met the court's liberal

pleading requirements and the mere use of alternative pleading does not render the Complaint

insufficient.[2]

---

[2]  Rule 8 distinguishes between pleading requirements for grounds of jurisdiction and claims.  See
USCIT R. 8(a)(1)–(2).  The rule further states that "[i]f a party makes alternative statements, the
pleading is sufficient if any one of them is sufficient."  USCIT R. 8(e)(2).  There appears to be no
binding authority directly on the point of alternative pleadings on grounds of jurisdiction and
partial motions to dismiss, and counsel have failed to identify such relevant authorities, see
generally Def.'s OAQ Resp. and Pl.'s Post Arg. Submission, Sept. 27, 2022, ECF No. 36 ("Pl.'s
Post Arg. Br.").
        Nevertheless, in interpreting USCIT Rule 8, Rule 12(b)(1), and other rules, the court may
refer to the Federal Rules of Civil Procedure, and relevant decisions of other courts, for guidance.
See USCIT R. 1; Zenith Radio Corp. v. United States, 823 F.2d 518, 521 (Fed. Cir. 1987).  In a
procedurally similar case, the Second Circuit held that "[e]ven assuming that one of the disjunctive
allegations of jurisdiction was insufficient while the other was not, Rule 8(e)(2) of the Federal
Rules . . . contemplates such alternative allegations, and provides that no dismissal is to be granted
if one of them is sufficient."  Tech. Tape Corp. v. Minn. Min. & Mfg. Co., 200 F.2d 876, 877 (2nd
Cir. 1952); see also 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1284 (4th ed.)
("[T]he Second Circuit noted that even if one of the disjunctive allegations were insufficient,
dismissal would be improper if one of them was sufficient.  This result is entirely consistent with
the underlying policy of the federal rules to resolve disputes on the basis of their merits rather than
upon mere procedural deficiencies.").  Thus, if the party makes an allegation of fact that
sufficiently invokes the court's subject matter jurisdiction, then the party has satisfied the liberal
pleading requirements of USCIT Rule 8(a)(1) and a motion to dismiss is improper.  Cf. Milecrest
Corp. v. United States, 41 CIT __, __, 264 F. Supp. 3d 1353, 1368 (2017).  Taken together with

Despite the procedural uncertainties surrounding the Government's Motion, the parties

agree that subsection (i) jurisdiction provides a proper ground of jurisdiction.  See Def.'s OAQ

Resp. 9; Pl.'s Post Arg. Br. at 34.  After examining the parties' submissions, the court notes that it

may permit subsection (i) jurisdiction to attach in this case.  When assessing jurisdiction under the

residual grant of 28 U.S.C. § 1581(i), the court considers (1) whether jurisdiction under a

subsection other than § 1581(i) was available, and (2) if so available, whether the remedy provided

under that subsection is "manifestly inadequate." Wanxiang, 12 F.4th at 1373.  If the party seeking

jurisdiction does not raise arguments on manifest inadequacy, the court only looks to whether

another subsection "is or could have been available." Id.

At its core, Goodluck's action challenges Commerce's application of a standard policy as

articulated in 19 C.F.R. § 351.212(c) (2022),[3] and the setting of an effective date for a duty rate

determined through litigation.  See Compl. at 8–9, 10–15; Pl.'s Post Arg. Br. at 3.  As explained

below, such decisions to apply a standard policy and set an effective date for a post-litigation rate

---

USCIT Rule 8(f) that requires pleadings to be construed "so as to do justice,"  Goodluck has
satisfied its pleading requirement for jurisdiction and dismissal of the Complaint is unwarranted.

[3]  The notice being challenged by Goodluck states that:

> Commerce did not receive a request for an administrative review of the
> antidumping duty order with respect to Goodluck for the period of June 1, 2020,
> through May 31, 2021, i.e., the third administrative review.  Therefore, in
> accordance with 19 CFR 351.212(c), we will instruct CBP to liquidate all entries
> for Goodluck and to assess antidumping duties on merchandise entered, or
> withdrawn from warehouse, for consumption at 33.70 percent, the cash deposit rate
> that would have prevailed in the absence of the now-vacated CIT decision.

Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from India: Notice of Second
Amended Final Determination; Notice of Amended Order; Notice of Resumption of First and
Reinitiation of Second Antidumping Duty Administrative Reviews; Notice of Opportunity for
Withdrawal; and Notice of Assessment in Third Antidumping Duty Administrative Review, 86
Fed. Reg. 74069-01, 74070 (emphasis added) ("December 2021 Notice"); see also Compl. at 8.

do not constitute a 19 U.S.C. § 1516a determination, and thus subsection (c) jurisdiction will not attach.  Mitsubishi Elecs. Am., Inc. v. United States, 44 F.3d 973, 977 (Fed. Cir. 1994); Capella Sales & Servs. Ltd. v. United States, 40 CIT __, __, 180 F. Supp. 3d 1293, 1300–01 (2016) ("Capella I"), aff'd sub nom. Capella Sales & Servs. Ltd. v. United States, Aluminum Extrusions Fair Trade Comm., 878 F.3d 1329 (Fed. Cir. 2018) ("Capella II").

Despite Goodluck's arguments otherwise, Goodluck here does not challenge a section 1516a determination.  Goodluck first challenges a portion of the December 2021 Notice expressing Commerce's intent to apply the reinstated duty rate to Goodluck's AR3 entries per its automatic assessment policy.  See Compl. at 9–12.  This decision is an application of standard Commerce policy contained in the regulations and not a separate administrative review determination. Parkdale Int'l, Ltd. v. United States, 31 CIT 720, 724, 491 F. Supp. 2d 1262, 1268 (2007) ("[M]ere inclusion of boilerplate language in the [f]inal [r]esults that repeats Commerce's standard . . . policy does not make application of that policy a [section] 1516a determination . . . ."); Capella I, 180 F. Supp. 3d at 1300 (2016) (holding that application of automatic assessment policy is not a section 1516a determination).  Indeed, since Goodluck did not participate in the AR3 review, there is no administrative review that was conducted on Goodluck's AR3 entries, nor can there be any determination arising from a non-existent administrative review.  Further, count two of Goodluck's claim disputing the setting of an effective date also does not challenge a section 1516a determination.  Capella I, 180 F. Supp. 3d at 1300–01 (holding that Commerce's decision not to set an effective date retroactively is not section 1516a determination, but matter of administration and enforcement of duties).

Nevertheless, because the agency decision involves administration and enforcement of the antidumping laws, and because no other subsection of section 1581 is or could have been available,

subsection (i) jurisdiction may attach in this case.  Mitsubishi, 44 F.3d at 977 (holding that suit

challenging application of automatic assessment policy, after there was no request for

administrative review, was within subsection (i) jurisdiction because no other subsections were

available); Capella I, 180 F. Supp. 3d at 1300–01 (same); see also Parkdale, 31 CIT at 724–25,

491 F. Supp. 2d at 1268 (holding that because no other subsection could have been available when

challenging boilerplate language in Federal Register notice reciting Commerce policy, review was

possible under subsection (i) jurisdiction).

## CONCLUSION

In sum, upon consideration of the Government's Partial Motion to Dismiss for Lack of

Subject Matter Jurisdiction, and all other relevant papers and proceedings in this action, the

court denies the Government's Partial Motion to Dismiss.

**SO ORDERED.**

/s/   Gary S. Katzmann
Gary S. Katzmann, Judge

Dated: December 1, 2022
          New York, New York