**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| BIOPARQUES DE OCCIDENTE, S.A. DE C.V.; AGRICOLA LA PRIMAVERA, S.A. DE C.V.; AND KALIROY FRESH LLC;<br><br>*Plaintiffs*,<br><br>and<br><br>CONFEDERACION DE ASOCIACIONES AGRICOLAS DEL ESTADO DE SINALOA, A.C.; CONSEJO AGRICOLA DE BAJA CALIFORNIA, A.C.; ASOCIACION MEXICANA DE DE HORTICULTURA PROTEGIDA, A.C.; ASOCIACION DE PRODUCTORES DE HORTALIZAS DEL YAQUI Y MAYO; AND SISTEMA PRODUCTO TOMATE,<br><br>*Consolidated Plaintiffs*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*,<br><br>and<br><br>THE FLORIDA TOMATO EXCHANGE,<br><br>*Defendant-Intervenor*. | Consol. Court No. 19-00204 |

**DEFENDANT-INTERVENOR'S COMMENTS OPPOSING
NATURESWEET'S MOTION TO INTERVENE OUT OF TIME**

Pursuant to Rule 24 of the Rules of the U.S. Court of International Trade, defendant-intervenor, The Florida Tomato Exchange ("FTE"), respectfully submits these comments opposing the motion to intervene out of time filed by NS Brands, Ltd. and Naturesweet Invernaderos S. de R.L. de C.V./ NatureSweet Comercializadora, S. de R.L. de C.V.

(collectively, "NatureSweet"). *See* "Partial Consent Motion to Intervene Out of Time," ECF No. 122 (Oct. 25, 2024) ("NatureSweet's Motion"). As detailed below, the Court should reject NatureSweet's Motion because NatureSweet failed to show "good cause" for its significantly delayed request for intervention and otherwise failed to conform its motion to the requirements of USCIT Rule 24.

NatureSweet submitted its motion on October 25, 2024, more than four and a half years after the 30-day deadline to timely intervene in this proceeding had expired. *See* "Complaint," ECF No. 9 (Dec. 20, 2019) ("Bioparques' Complaint"); "Complaint," ECF No. 14 in Case No. 1:19-cv-203 (Dec. 20, 2019) ("CAADES' Complaint"); *see also* USCIT Rule 24(a)(3) (providing that a timely motion for intervention must be made no later than 30 days after the date of service of the complaint). Pursuant to Rule 24(a)(3), the court grants intervention at this late stage only for "good cause," which the Rule defines as "(1) mistake, inadvertence, surprise, or excusable neglect; or (2) under circumstances in which by due diligence a motion to intervene under this subsection could not have been made within the 30-day period."

NatureSweet claims that it meets the due diligence standard because during the original 30-day window it could not have foreseen the reopening of the record on remand by the U.S. Department of Commerce ("Commerce") and, at the time, it believed "NatureSweet's interests could be represented by the arguing parties." NatureSweet's Motion at 4. This Court has made clear that a desire to change litigation strategy does not meet the due diligence standard to justify an untimely motion to intervene. *See, e.g., Jiangsu Jiasheng Photovoltaic Technology Co., Ltd. v. U.S.*, 72 F. Supp. 3d 1378, 1382-83 (Ct. Int'l Trade 2015) (denying an exporter's motion for untimely intervention after a matter had "been fully briefed, argued, opined upon, and reconsidered on remand" because the exporter "knew its interests were at stake {during the

2

30-day intervention window}, and yet made a conscious decision to risk letting the litigation play out without {its} intervention").

At the time Bioparques and CAADES filed their 2019 complaints, NatureSweet knew that parties were arguing that Commerce had unlawfully failed to continue its 1996 proceedings, *see e.g.,* Bioparques Complaint at 7, and thus that remand to continue those proceedings was a possibility. NatureSweet also knew that neither Bioparques nor CAADES challenged Commerce's decisions not to conduct a changed circumstances review or to issue a separate rate for NatureSweet, even though NatureSweet requested such actions before Commerce during the challenged 2019 proceeding. *See* Bioparques Complaint, CAADES Complaint; *see also* NatureSweet's Motion at Exhibit 6. Yet, despite clear knowledge of the potential interests at stake, NatureSweet decided not to exercise its right to timely intervene, let alone to file its own timely challenge to Commerce's determination.

NatureSweet's submissions to Commerce in the remand proceeding, which it seeks leave to bring before the Court, largely repeat arguments that NatureSweet made to Commerce—but chose not to appeal—in 2019. In particular, in submissions to Commerce in the 2019 proceeding, NatureSweet argued that it produced specialty tomatoes that "do not belong" in the restarted investigation and that Commerce should calculate an individual rate for NatureSweet or conduct a "changed circumstances" review. *See* NatureSweet's Motion at Exhibit 6. NatureSweet's October 2024 submissions to Commerce in the remand proceeding unsurprisingly reiterate these same arguments. *See id*. at Exhibit 5. As it was concerned with identical issues in 2019, NatureSweet has shown no reason it could not have timely intervened in this proceeding.

This Court should reject NatureSweet's intervention motion on a second basis. In addition to its failure to show "good cause" for untimely intervention, NatureSweet failed to comply with USCIT Rule 24(c)(2) which requires *inter alia* that a movant seeking to intervene

3

on the side of the plaintiff "must state … the issues that the intervenor desires to litigate." While NatureSweet implies that intervention is necessary because its interests can no longer "be represented by the arguing parties" following the remand proceeding, *see* NatureSweet Motion a 4, NatureSweet notably declines to specify these newly created interests or why existing parties to the proceeding will not address those interests. NatureSweet's Motion also fails to specify the "issues that the intervenor desires to litigate" as required under USCIT Rule 24(c)(2). Instead, NatureSweet states vaguely that it "requests intervention to be able to represent its interests before the Court as a party to the appeal in accordance with its participation before Commerce in the remand proceeding." NatureSweet's Motion at 8. This obscurity appears intentional: as discussed above, in its comments before Commerce, NatureSweet did not merely respond to Commerce's requests but rather attempted to revive arguments that it made—and chose not to timely appeal—in 2019. *Compare* NatureSweet's Motion at Exhibit 5 *with id.* at Exhibit 6.

     In sum, NatureSweet failed to show "good cause" for its more than four-and-a-half-year delay to timely intervene in this proceeding. At the time the case was filed in 2019, NatureSweet was aware that its interests were implicated by the impending proceeding but it chose not to intervene or to file its own separate challenge to Commerce's determination. NatureSweet failed to show why it could not in "due diligence" have submitted a timely request for intervention or identified the specific arguments it believes can no longer be adequately represented by existing

parties. As such, the Court should reject NatureSweet's Motion for untimely intervention in this proceeding.

                                              Respectfully submitted,

Date: November 8, 2024            /s/ Robert C. Cassidy, Jr.

                                              Robert C. Cassidy, Jr.
Charles S. Levy
James R. Cannon, Jr.
Mary Jane Alves
Jonathan M. Zielinski
Nicole Brunda
**CASSIDY LEVY KENT (USA) LLP**
2112 Pennsylvania Avenue NW, Suite 300
Washington, DC 20037
202-567-2302
rcassidy@cassidylevy.com

*Counsel to The Florida Tomato Exchange*