Slip Op. 24-130

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BIOPARQUES DE OCCIDENTE, S.A. DE C.V., AGRICOLA LA PRIMAVERA, S.A. DE C.V., AND KALIROY FRESH LLC,<br><br>    Plaintiffs,<br><br>CONFEDERACION DE ASOCIACIONES AGRICOLAS DEL ESTADO DE SINALOA, A.C., CONSEJO AGRICOLA DE BAJA CALIFORNIA, A.C., ASOCIACION MEXICANA DE HORTICULTURA PROTEGIDA, A.C., ASOCIACION DE PRODUCTORES DE HORTALIZAS DEL YAQUI Y MAYO, AND SISTEMA PRODUCTO TOMATE,<br><br>    Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>THE FLORIDA TOMATO EXCHANGE,<br><br>    Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge<br><br>Consol. Court No. 19-00204 |

# OPINION AND ORDER

[Granting the Partial Consent Motion to Intervene Out of Time filed by NS Brands, Ltd. and Naturesweet Invernaderos S. de R.L. de C.V./NatureSweet Comercializadora, S. de R.L. de C.V.]

                                                                                Dated: November 25, 2024

<u>Jeffrey M. Winton</u>, <u>Michael Chapman</u>, <u>Amrietha Nellan</u>, <u>Ruby Rodriguez</u>, and <u>Vi N. Mai</u>, Winton & Chapman PLLC, of Washington, D.C., for Plaintiffs Bioparques de Occidente, S.A. de C.V., Agricola La Primavera, S.A. de C.V., and Kaliroy Fresh LLC.

<u>Yujin K. McNamara</u>, <u>Bernd G. Janzen</u>, <u>Devin S. Sikes</u>, and <u>Paul S. Bettencourt</u>, Akin, Gump, Strauss, Hauer & Feld, LLP, of Washington, D.C., for Consolidated Plaintiffs Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C., Consejo Agricola de Baja California, A.C., Asociacion Mexicana de Horticultura Protegida, A.C., Asociacion de Productores de Hortalizas del Yaqui y Mayo, and Sistema Producto Tomate.

<u>Douglas G. Edelschick</u>, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. Of counsel are <u>Ayat Mujais</u> and <u>Emma T. Hunter</u>, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

<u>Robert C. Cassidy, Jr.</u>, <u>Charles S. Levy</u>, <u>Chase J. Dunn</u>, <u>James R. Cannon, Jr.</u>, <u>Jonathan M. Zielinski</u>, <u>Mary Jane Alves</u>, and <u>Nicole Brunda</u>, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for The Florida Tomato Exchange.

<u>Jessica R. DiPietro</u>, ArentFox Schiff, LLP, of Washington, D.C., for Proposed Plaintiff-Intervenors NS Brands, Ltd. and Naturesweet Invernaderos S. de R.L. de C.V./NatureSweet Comercializadora, S. de R.L. de C.V. Also on the brief were <u>Matthew M. Nolan</u> and <u>Leah N. Scarpelli</u>.

     **Choe-Groves, Judge:** Before the Court is the Partial Consent Motion to Intervene Out of Time filed by NS Brands, Ltd. and Naturesweet Invernaderos S. de R.L. de C.V./NatureSweet Comercializadora, S. de R.L. de C.V. (collectively,

"NatureSweet"). NatureSweet's Part. Consent Mot. Interv. Out of Time ("NatureSweet's Motion" or "NatureSweet's Mot."), ECF No. 122. Plaintiffs Bioparques de Occidente, S.A. de C.V., Agricola La Primavera, S.A. de C.V., and Kaliroy Fresh LLC and Consolidated Plaintiffs Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C., Consejo Agricola de Baja California, A.C., Asociacion Mexicana de Horticultura Protegida, A.C., Asociacion de Productores de Hortalizas del Yaqui y Mayo, and Sistema Producto Tomate consent to NatureSweet's Motion. Id. at 9. Defendant United States and Defendant-Intervenor The Florida Tomato Exchange oppose NatureSweet's Motion. Id. at 8–9; Def.'s Resp. Opp'n NatureSweet's Out-of-Time Mot. Interv. ("Def.'s Resp.") ECF No. 128; Def.-Interv.'s Cmts. Opp'n NatureSweet's Mot. Interv. Out of Time ("Def.-Interv.'s Resp."), ECF No. 127.

NatureSweet moves to intervene as a matter of right pursuant to USCIT Rule 24. NatureSweet's Mot. at 3. In actions filed pursuant to 19 U.S.C. § 1516a, a party may intervene as a matter of right if that party is an "interested party," 19 U.S.C. § 1516a(f)(3), "would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade," 28 U.S.C. § 2631(j)(1), and "was a party to the proceeding in connection with which the matter arose," id. § 2631(j)(1)(B). Pursuant to 19 U.S.C. § 1516a(f)(3), "interested party" includes "a foreign manufacturer, producer, or exporter, or the United States importer, of

subject merchandise or a trade or business association a majority of the members of which are producers, exporters, or importers of such merchandise." 19 U.S.C. §§ 1516a(f)(3), 1677(9)(A). "Interested party" also includes "a manufacturer, producer, or wholesaler in the United States of a domestic like product." Id. § 1677(9)(C). To be timely, the motion to intervene as a matter of right must be made no later than 30 days after the date of service of the complaint. USCIT R. 24(a)(3). A motion to intervene will only be considered after the 30-day period upon a showing of "mistake, inadvertence, surprise or excusable neglect" or that, despite the proposed intervenor having exercised due diligence, the motion could not have been timely filed. Id.

    NatureSweet is an interested party to this proceeding because Naturesweet Invernaderos S. de R.L. de C.V. and NatureSweet Comercializadora, S. de R.L. de C.V. are foreign producers of tomatoes and NS Brands, Ltd. is a domestic importer and producer of tomatoes. NatureSweet's Mot. at 4; see 28 U.S.C. § 1677(9)(A), (C). NatureSweet participated in the underlying administrative proceedings during the remand by requesting an examination, submitting comments, and meeting with the U.S. Department of Commerce ("Commerce"). NatureSweet's Mot. at 4, Exs. 4, 5. NatureSweet's Motion was untimely filed on October 25, 2024, more than 30 days after Plaintiff filed the initial Complaint on December 20, 2019. NatureSweet's Mot.; Compl., ECF No. 9.

Defendant and Defendant-Intervenor oppose NatureSweet's untimely motion on three grounds. First, they contend that the motion is procedurally defective because it does not identify the issues sought to be raised through intervention, as required by USCIT Rule 24(c)(2). Def.'s Resp. at 5; Def.-Interv.'s Resp. at 3–4. Second, Defendant argues that NatureSweet's arguments have been waived because NatureSweet did not file an administrative brief during the remand proceedings. Def.'s Resp. at 5–7. Third, Defendant and Defendant-Intervenor assert that NatureSweet has not demonstrated good cause for the nearly five-year delay in filing its intervention motion. Def.'s Resp. at 7–8; Def.-Interv.'s Resp. at 1–3.

Beginning with the first argument, USCIT Rule 24(c)(2) requires that "[w]hen the movant for intervention seeks to intervene on the side of the plaintiff, the motion must state the movant's standing, and must state the administrative determination to be reviewed and the issues that the intervenor desires to litigate." USCIT R. 24(c)(2). Defendant contends that "[i]t is unclear whether NatureSweet desires to litigate issues that it raised in comments during the remand or the underlying investigation, because NatureSweet's motion fails to identify the issues that it actually intends to litigate." Def.'s Resp. at 5. In its motion, NatureSweet explains that during the 2019 investigation, it "repeatedly requested an investigation of its operations in order to obtain an individually calculated rate,

which was denied by Commerce." NatureSweet's Mot. at 7. On remand, NatureSweet submitted comments in response to Commerce's Draft Results of Redetermination Pursuant to Court Remand, arguing that Commerce should conduct a changed circumstances review or a new shipper review to determine if NatureSweet is entitled to an individually calculated dumping margin. NatureSweet's Mot. at 6, Ex. 5; see Final Results of Redetermination Pursuant to Court Remand ("Remand Redetermination") at 31–32, ECF Nos. 120-1, 121-1. In the Remand Redetermination, Commerce expressly addressed NatureSweet's comments and determined that neither a changed circumstances review nor a new shipper review is possible under the applicable statutes because an antidumping duty order has not been issued. Remand Redetermination at 32–33. In its motion for intervention, NatureSweet states that "the circumstances that now exist regarding NatureSweet providing information on the record of the remand proceeding and its information being used in Commerce's remand redetermination did not exist during the initial thirty-day period for intervention from when the Complaint was filed." NatureSweet's Mot. at 8. Read in its totality, the Court concludes that NatureSweet's Motion sufficiently articulates its reasons for seeking intervention.

     Defendant next argues that NatureSweet's arguments have been waived because NatureSweet did not file an administrative brief during the remand

proceedings.  Def.'s Resp. at 5–7.  Before a claim may be brought to the Court, an aggrieved party must exhaust available administrative remedies.  28 U.S.C. § 2637(d).  The Court "generally takes a 'strict view' of the requirement that parties exhaust their administrative remedies."  Yangzhou Bestpak Gifts & Crafts Co. v. United States, 716 F.3d 1370, 1381 (Fed. Cir. 2013) (citations omitted).  19 C.F.R. § 351.309(c)(2) requires that, "[t]he case brief must present all arguments that continue in the submitter's view to be relevant to the . . . final determination or final results."  19 C.F.R. § 351.309(c)(2).  Among the limited exceptions to the exhaustion requirement is that "exhaustion may be excused if the issue was raised by another party, or if it is clear that the agency had an opportunity to consider it."  Holmes Prod. Corp. v. United States, 16 CIT 1101, 1104 (1992) ("[E]xhaustion may be excused if the issue was raised by another party, or if it is clear that the agency had an opportunity to consider it.").  NatureSweet did not file an administrative case brief during the remand, but submitted comments to Commerce.  See Remand Redetermination at 9.  Commerce expressly responded to arguments raised by NatureSweet in the Remand Redetermination, demonstrating that Commerce had an opportunity to consider the arguments raised by NatureSweet during the administrative process.  Therefore, the exception to administrative exhaustion applies and the Court concludes that NatureSweet's arguments were not waived.

Defendant's and Defendant-Intervenor's final objection asserts that NatureSweet has not demonstrated good cause for the nearly five-year delay in filing its intervention motion. Def.'s Resp. at 7–8; Def.-Interv.'s Resp. at 1–3. In Bioparques de Occidente, S.A. v. United States, 48 CIT __, 698 F. Supp. 3d 1265 (2024), the Court remanded this case to Commerce in 2024 to "resume its investigation flowing from the affirmative preliminary determination issued on November 1, 1996, including focusing its analysis on the evidence submitted regarding the original period of investigation of March 1, 1995 through February 29, 1996, and reviewing the original six mandatory respondents." Id. at __, 698 F. Supp. at 1276–77. In doing so, the Court drastically changed the landscape of this litigation by ordering Commerce to investigate the tomato market in 1995–1996, approximately 29 years earlier. Despite all appropriate due diligence, it would have been nearly impossible in 2019 for NatureSweet to anticipate the results of the Court's 2024 remand in this unique case, and NatureSweet should not be penalized now for failing to anticipate in 2019 that it needed to intervene to participate in the 2024 court proceeding. See USCIT R. 24(a)(3). The Court finds that good cause exists to excuse NatureSweet's delay in seeking to intervene.

Upon consideration of NatureSweet's Partial Consent Motion to Intervene Out of Time, ECF No. 122, Defendant-Intervenor's Comments Opposing NatureSweet's Motion to Intervene Out of Time, ECF No. 127, Defendant's

Response in Opposition to NatureSweet's Out-of-Time Motion to Intervene, ECF No. 128, and all other papers and proceedings in this action, it is hereby

**ORDERED** that NatureSweet's Partial Consent Motion to Intervene Out of Time, ECF No. 122, is granted; and it is further

**ORDERED** that NS Brands, Ltd. and Naturesweet Invernaderos S. de R.L. de C.V./NatureSweet Comercializadora, S. de R.L. de C.V. are added as Plaintiff-Intervenors in <u>Bioparques de Occidente, S.A. de C.V. v. United States</u>, Consol. Court No. 19-00204.

                                                              /s/ Jennifer Choe-Groves
                                                              Jennifer Choe-Groves, Judge

Dated: November 25, 2024
         New York, New York