IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| BIOPARQUES DE OCCIDENTE, S.A. DE C.V., AGRICOLA LA PRIMAVERA, S.A. DE C.V., AND KALIROY FRESH LLC, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| and | ) |
| CONFEDERACION DE ASOCIACIONES AGRICOLAS DEL ESTADO DE SINALOA, A.C., CONSEJO AGRICOLA DE BAJA CALIFORNIA, A.C., ASOCIACION MEXICANA DE HORTICULTURA PROTEGIDA, A.C., ASOCIACION DE PRODUCTORES DE HORTALIZAS DEL YAQUI Y MAYO, AND SISTEMA PRODUCTO TOMATE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Consolidated Plaintiffs, | ) |
| and | ) |
| NS BRANDS, LTD., NATURESWEET INVERNADEROS S. DE R.L. DE C.V., AND NATURESWEET COMERCIALIZADORA, S. DE R.L. DE C.V., | )<br>)<br>)<br>) |
| Plaintiff-Intervenors, | ) |
| v. | ) Consol. Ct. No. 19-00204 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| THE FLORIDA TOMATO EXCHANGE, | ) |
| Defendant-Intervenor. | ) |

DEFENDANT'S RESPONSE TO
NATURESWEET'S COMMENTS ON REMAND REDETERMINATION

|  |  |
|---|---|
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | FRANKLIN E. WHITE, JR.<br>Assistant Director |
| Of Counsel: |  |
|  | DOUGLAS G. EDELSCHICK |
| AYAT MUJAIS<br>Senior Attorney<br>Department of Commerce<br>Office of the Chief Counsel for<br>    Trade Enforcement and Compliance<br>1401 Constitution Avenue, NW<br>Washington, D.C. 20230<br>Tel: (202) 482-1439<br>Email: ayat.mujais@trade.gov | Senior Trial Counsel<br>Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington D.C. 20044<br>Tel: (202) 353-9303<br>Email: Doug.Edelschick@usdoj.gov |
| January 7, 2025 | Attorneys for Defendant |

# TABLE OF CONTENTS

Page:

TABLE OF AUTHORITIES ................................................................................................ ii

BACKGROUND .................................................................................................................1

ARGUMENT .......................................................................................................................4

CONCLUSION ....................................................................................................................9

# TABLE OF AUTHORITIES

**Cases:** **Page(s):**

*Bioparques de Occidente, S.A. de C.V. v. United States,*
    698 F. Supp. 3d 1265 (Ct. Int'l Trade 2024) ............................................................ *passim*

*Bioparques de Occidente, S.A. de C.V. v. United States*,
    470 F. Supp. 3d 1366 (Ct. Int'l Trade 2020) ....................................................................3

*Bioparques De Occidente, S.A. de C.V. v. United States*, 31 F.4th 1336 (Fed. Cir. 2022).............3

*Chander & Price Co. v. Brandtjen & Kluge*, 296 U.S. 53 (1935)..................................................7

*Confederación de Asociaciones Agrícolas del Estado de Sinaloa, A.C. v. United States*,
    459 F. Supp. 3d 1354 (Ct. Int'l Trade 2020) ....................................................................3

*Confederación de Asociaciones Agricolas del Estado de Sinaloa, A.C. v. United States*,
    32 F.4th 1130 (Fed. Cir. 2022) .........................................................................................3

*Fuji Elec. Co. v. United States*, 595 F. Supp. 1152 (Ct. Int'l Trade 1984)......................................7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ......................................................................6

*MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349 (Ct. Int'l Trade 2015).......................4

*NEXTEEL Co., Ltd. v. United States*, 389 F. Supp. 3d 1343 (Ct. Int'l Trade 2019) .......................8

*Torrington Co. v. United States,* 731 F. Supp. 1073 (Ct. Int'l Trade 1990)....................................7

*Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017) .....................................................6

**Statutes:**

19 U.S.C. § 1516a................................................................................................................4, 6

19 U.S.C. § 1673c...................................................................................................................3

19 U.S.C. § 1675....................................................................................................................8

**Administrative Determinations:**

*Fresh Tomatoes from Mexico*, 84 Fed. Reg. 20,858 (Dep't of Commerce May 13, 2019).............1

*Fresh Tomatoes from Mexico*, 84 Fed. Reg. 49,987 (Dep't of Commerce Sept. 24, 2019) ............2

*Fresh Tomatoes from Mexico*, 84 Fed. Reg. 57,401 (Dep't of Commerce Oct. 25, 2019) .............2

Defendant, the United States, respectfully submits this response to comments filed by plaintiff-intervenors NS Brands, Ltd. (NatureSweet Brands or NSB), Naturesweet Invernaderos S. de. R.L. de C.V., and NatureSweet Comercializadora, S. de R.L. de C.V. (collectively, NatureSweet), regarding the remand redetermination by the United States Department of Commerce (Commerce).  *See* NatureSweet's Comments, Dec. 3, 2024, ECF No. 130 (NatureSweet Comments); Final Results of Redetermination Pursuant to Court Remand, October 22, 2024, ECF Nos. 120, 121 (C.R.R. 66) (P.R.R. 68) (Remand Redetermination); *Bioparques de Occidente, S.A. de C.V. v. United States,* 698 F. Supp. 3d 1265 (Ct. Int'l Trade 2024) (Remand Order).[1]  For the reasons explained below, we respectfully request that the Court sustain the Remand Redetermination and enter judgment in favor of the United States.

## BACKGROUND

In May 2019, Commerce withdrew from a 2013 suspension agreement and resumed the investigation covering fresh tomatoes from Mexico.  *Fresh Tomatoes from Mexico*, 84 Fed. Reg. 20,858 (Dep't of Commerce May 13, 2019).  While the resumed investigation was ongoing, NatureSweet filed an entry of appearance and administrative protective order (APO) application.  Amended APO Application, dated May 8, 2019 (P.R. 23); Amended Entry of Appearance, dated May 9, 2019 (P.R. 24).  Later in May 2019, NatureSweet Brands submitted respondent selection comments.  NSB Comments on Respondent Selection, dated May 14, 2019 (P.R. 51, 81; C.R. 3, 10).  In these respondent selection comments, NatureSweet Brands requested that it be selected as a mandatory respondent, or in the alternative a voluntary respondent, so that it would receive a separate rate.  *See id.* at 2.  In June 2019, NatureSweet submitted scope comments.  NSB Scope

---

[1] Citations to the public record (P.R.R.) and confidential record (C.R.R.) refer to the record of the antidumping duty administrative redetermination.  Citations to the public record (P.R.) and confidential record (C.R.) refer to the record of the antidumping duty investigation.

Comments for Final Determination, dated June 13, 2019 (P.R. 110; C.R. 12). These scope comments included information that NatureSweet submitted during the current remand proceedings, such as information on its predecessor, Desert Glory Ltd. *Id.* at 2-3. Further, these scope comments requested that certain NatureSweet products be excluded from the scope, and thus the order. *Id.* at 3-4. However, NatureSweet did not submit a case brief during the resumed investigation. See Public Record Index at 27-28, Feb. 12, 2000, ECF No. 25- 4 (noting case briefs submitted on behalf of other parties); Confidential Record Index at 18-19, Feb. 12, 2000, ECF No. 25-5 (same).

In September 2019, Commerce suspended the investigation based on a new suspension agreement between Commerce and Mexican signatories. *Fresh Tomatoes from Mexico*, 84 Fed. Reg. 49,987 (Dep't of Commerce Sept. 24, 2019). In October 2019, after having received timely requests to continue the investigation, Commerce published the Final Determination at issue in this case. *See Fresh Tomatoes from Mexico*, 84 Fed. Reg. 57,401 (Dep't of Commerce Oct. 25, 2019) (Final Determination).

In December 2019, numerous plaintiffs filed complaints in this Court challenging various aspects of the Final Determination.[2] *E.g.*, *Bioparques v. United States*, Court Nos. 19-204, 19-210; *CAADES v. United States*, Court Nos. 19-203, 19-206. Plaintiffs challenged, variously, Commerce's withdrawal from the 2013 Suspension Agreement, Commerce's continuation of the investigation, Commerce's negotiation of and entry into the 2019 Suspension Agreement, and

---

[2] In this motion, we refer to the following plaintiffs collectively as "Bioparques:" (1) Bioparques de Occidente, S.A. de C.V.; (2) Agricola La Primavera, S.A. de C.V.; and (3) Kaliroy Fresh LLC. We also refer to the following consolidated plaintiffs collectively as "CAADES": (1) Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C.; (2) Consejo Agricola de Baja California, A.C.; (3) Asociacion Mexicana de Horticultura Protegida, A.C.; (4) Asociacion de Productores de Hortalizas del Yaqui Y Mayo; and (5) Sistema Producto Tomate. Finally, we refer to defendant-intervenor Florida Tomato Exchange as "FTE."

Commerce's Final Determination in the continued investigation.  *See Bioparques de Occidente, S.A. de C.V. v. United States*, 470 F. Supp. 3d 1366 (Ct. Int'l Trade 2020) (*Bioparques I*); *Confederación de Asociaciones Agrícolas del Estado de Sinaloa, A.C. v. United States*, 459 F. Supp. 3d 1354 (Ct. Int'l Trade 2020) (*CAADES I*).  This Court dismissed each of these actions for lack of jurisdiction on ripeness and mootness grounds.  *Id.*  The Federal Circuit affirmed the dismissal of all claims except for those challenging the Final Determination, which it held may be reviewed pursuant to 28 U.S.C. § 1581(c).  *Bioparques De Occidente, S.A. de C.V. v. United States*, 31 F.4th 1336 (Fed. Cir. 2022) (*Bioparques II*); *Confederación de Asociaciones Agricolas del Estado de Sinaloa, A.C. v. United States*, 32 F.4th 1130 (Fed. Cir. 2022) (*CAADES II*).

After the Federal Circuit issued the mandates and jurisdictional litigation had concluded, in April 2024, the Court issued the Remand Order.  In the Remand Order, the Court held that "Commerce's Final Determination must resume its investigation flowing from the affirmative preliminary determination issued on November 1, 1996, including focusing its analysis on the evidence submitted regarding the original period of investigation of March 1, 1995, through February 29, 1996, and reviewing the original six mandatory respondents" to comply with the language of 19 U.S.C. § 1673c(i)(1)(B).  Remand Order, 698 F. Supp. 3d at 1276.  The Court concluded that Commerce's Final Determination was "not in accordance with law" and remanded the matter to Commerce for further consideration.  *Id.* at 1276-77.

On remand, in June 2024, Commerce issued a request for information to allow parties to submit new factual information and comments regarding the operating status and ownership of all seven original mandatory respondents, changes to the tomatoes industry in Mexico from the 1995-1996 period, and changes to the tomatoes industry in the United States from the 1995-1996 period.  Request for Information, dated June 27, 2024 (P.R.R. 3).  NatureSweet submitted

information in response to Commerce's request in July 2024 (P.R.R. 22-26). In September 2024, Commerce issued a draft remand redetermination and provided interested parties an opportunity to comment on it. Draft Results of Redetermination Pursuant to Court Remand, dated Sept. 27, 2024 (P.R.R. 39) (Draft Remand Redetermination). NatureSweet submitted comments on Commerce's Draft Remand Redetermination in October 2024. NatureSweet Comments on Draft Remand Redetermination, dated Oct. 11, 2024 (P.R.R. 66).

In late October 2024, Commerce issued the final Remand Redetermination under respectful protest. Pursuant to the Court's Remand Order, Commerce reconsidered the selection of respondents and consideration of recent data used in the continued investigation, evaluated the 1995-1996 data from the seven respondents individually examined in 1996 and 2002 during the investigation, and determined dumping margins using the 1995-1996 data.

In December 2024, NatureSweet filed comments in this Court in opposition to the Remand Redetermination, stating that NatureSweet "did not object to Commerce's Remand Redetermination," but arguing that it is prejudiced because it did not exist during the preliminary phase of the investigation in 1996. NatureSweet Comments 2-3. NatureSweet argues that it should have received a separate rate as part of a changed circumstances review of the 2019 Suspension Agreement. *Id.* at 4-7.

## ARGUMENT

The Court will sustain Commerce's remand determinations if they are "in accordance with the Remand Order," are "supported by substantial evidence, and otherwise are in accordance with law." *MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)). In this case, Commerce complied with the Court's Remand Order by relying upon the 1995-1996 data from the seven respondents

- 4 -

individually examined and by determining dumping margins using the 1995-1996 data. There is no dispute among the parties that Commerce's Remand Redetermination complied with the Court's remand order, is supported by substantial evidence, and is in accordance with law.

Specifically, none of the original parties to this case oppose the Remand Redetermination. *See* Remand Redetermination 33-34 (providing summaries of comments submitted by FTE, Bioparques, and CAADES, stating that they agree Commerce's Draft Remand Redetermination complies with the Remand Order and is in accordance with law). Indeed, none of those original parties filed any comments in opposition to the Remand Redetermination in this Court. *See* Am. Scheduling Order, July 31, 2024, ECF No. 118 (establishing Dec. 3, 2024 deadline for filing any comments in opposition). Although NatureSweet provided comments nominally in opposition, NatureSweet "does not object to Commerce's Remand Redetermination" because it complies with the Court's Remand Order and NatureSweet "does not disagree" with the Remand Order. NatureSweet Comments 2. Because no party actually opposes Commerce's Remand Redetermination, this Court should sustain it.

Nevertheless, NatureSweet's comments argue a claim for relief that no other party in this case has asserted – that Commerce should have allowed NatureSweet to obtain a separate rate in a changed circumstances review of the 2019 Suspension Agreement because NatureSweet did not exist at the time of the original investigation in 1995-1996. NatureSweet Comments 2-3, 4-7. There are at least two independent problems with NatureSweet's claim. First, the Court does not possess jurisdiction to entertain it. Second, the claim is without merit.

The Court does not possess jurisdiction to entertain NatureSweet's claim regarding its desire for separate rate in a changed circumstances review because that claim does not appear in any party's complaint. NatureSweet knew at the time of the Final Determination that it did not

receive a separate rate, but NatureSweet failed to commence an action within 30 days of the Final Determination in accordance with 19 U.S.C. § 1516a(a)(2).  Likewise, no party has filed a complaint challenging a denial of a changed circumstances review request pursuant to 19 U.S.C. § 1516a(a)(1)(B).  Under these circumstances, the Court does not possess jurisdiction to entertain any claims by NatureSweet in this case.

Unable to assert claims of its own, NatureSweet seeks to proceed in the more limited role of a plaintiff-intervenor.  But NatureSweet "must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing."  *See Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017); *see also id.* ("For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right.").  NatureSweet raised arguments during the remand that are not asserted by any other party.  No other party objected to the Draft Remand Redetermination before Commerce, so at this point NatureSweet stands alone with any opposition.  NatureSweet cannot establish piggyback standing as a plaintiff-intervenor, nor circumvent 19 U.S.C. § 1516a(a), because it seeks relief that no other plaintiff seeks.  Moreover, NatureSweet has not suffered any cognizable injury that is traceable to the Remand Redetermination because the all-others rate to which NatureSweet would be subject (if Commerce issues an antidumping duty order) *actually went down* from 20.91 percent in the Final Determination to 17.09 percent in the Remand Redetermination.  *Compare* Def. Ex. 6 (Remand Redetermination) at 36, *with* Final Determination, 84 Fed. Reg. at 57,402; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (Article III standing "contains three elements" – injury in fact, traceability, and redressability).  NatureSweet lacks standing, and for this additional reason, the Court lacks

jurisdiction to entertain any claim by NatureSweet for a separate rate in a changed circumstances review.

Likewise, NatureSweet's comments on the Remand Redetermination impermissibly expand the original claims in the complaints. In this litigation, Bioparques and CAADES complained that Commerce improperly determined separate rates for new mandatory respondents (such as Bioparques) in the Final Determination, instead of determining separate rates for the original mandatory respondents in 1996. Am. Compl. ¶ 14(2), *Bioparques* No. 19-204, Sept. 1, 2022, ECF No. 64; Am. Compl. ¶ 14(2), *Bioparques* No. 19-210, Sept. 1, 2022, ECF No. 69; Am. Compl. ¶¶ 59-61, *CAADES* No. 19-203, Aug. 31, 2022, ECF No. 59. Neither Bioparques nor CAADES has ever argued that NatureSweet or any other company that did *not* exist in 1996 should receive a separate rate. *See id.* Likewise, none of the remaining claims in this case either challenge the 2019 Suspension Agreement or challenge whether Commerce should have conducted a changed circumstances review of that agreement. *See id.* This is fatal for NatureSweet because intervenors' claims are limited to the scope of the dispute between the original parties. *Chander & Price Co. v. Brandtjen & Kluge*, 296 U.S. 53 (1935) (the "purpose for which permission to intervene may be given is that the applicant may be put in position to assert in that suit a right of his in respect of something there *in dispute between the original parties.*") (emphasis added); *Torrington Co. v. United States,* 731 F. Supp. 1073, 1075 (Ct. Int'l Trade 1990) ("Intervenor is limited to the field of litigation open to the original parties, and cannot enlarge the issues tendered by or arising out of plaintiff's bill."); *Fuji Elec. Co. v. United States*, 595 F. Supp. 1152 (Ct. Int'l Trade 1984) (holding that the intervenor "takes the action as it has been framed by the parties therein," and cannot use the right of intervention to interpose claims otherwise inappropriate). As a plaintiff-intervenor, NatureSweet cannot establish

jurisdiction over claims that are not asserted by any other party in any complaint in this consolidated case.

NatureSweet's claims also fail on the merits for two more reasons.

First, NatureSweet admits that the Court's Remand Order "recognize[d]" the potential "prejudice for newly selected respondents." NatureSweet Comments 2 (quoting Remand Order, 698 F. Supp. 3d at 1275). But NatureSweet argues that the Court failed to recognize that "there is also prejudice to companies now in existence which did not exist during the preliminary phase of Commerce's investigation in 1996." *Id.* NatureSweet thus argues that Commerce erred by "*compli[ng]*" with the Remand Order because it did not allow the agency to determine separate rates for new respondents. *Id.* at 2-3. NatureSweet really is asking this Court to reconsider the wisdom and scope of the Remand Order without addressing the standard of review for reconsideration motions. *See NEXTEEL Co., Ltd. v. United States*, 389 F. Supp. 3d 1343, 1348 (Ct. Int'l Trade 2019). In any event, NatureSweet's assertion of prejudice is overblown because it knew in 2019 that it did not receive a separate rate and did not submit a case brief before Commerce or file a complaint in this Court to address the issue. There is no dispute that Commerce "complied" with the Remand Order and that should be the end of the matter. *See* NatureSweet Comments 2.

Second, NatureSweet argues that it could receive a separate rate in a changed circumstances review of the 2019 Suspension Agreement pursuant to 19 U.S.C. § 1675(b)(1), but Commerce articulated a cogent reason why it was not initiating a changed circumstances review of the 2019 suspension agreement in the Remand Redetermination. NatureSweet Comments 4-7; Remand Redetermination 32-33. Commerce properly determined that a review of the 2019 Suspension Agreement based on allegations of changed circumstances was outside the scope of

the Court's Remand Order to reconsider the Final Determination. Indeed, there are no claims left in this case challenging the 2019 Suspension Agreement, the Court's Remand Order did not direct Commerce to review any aspect of the 2019 Suspension Agreement, and no party has filed a complaint that mentions a changed circumstances review. NatureSweet's claims related to a changed circumstances review are not properly before the Court.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's Remand Redetermination and enter final judgment in favor of the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

 s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

Of Counsel:

AYAT MUJAIS
Senior Attorney
Department of Commerce
Office of the Chief Counsel for
    Trade Enforcement and Compliance
1401 Constitution Avenue, NW
Washington, D.C. 20230
Tel: (202) 482-1439
Email: Ayat.Mujais@trade.gov

January 7, 2025

 s/ Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044
Tel: (202) 353-9303
Email: Doug.Edelschick@usdoj.gov

Attorneys for Defendant

CERTIFICATE OF COMPLIANCE

      I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains 2,550 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

                           s/ Douglas G. Edelschick