UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| BIOPARQUES DE OCCIDENTE, S.A. DE C.V., AGRICOLA LA PRIMAVERA, S.A. DE C.V., AND KALIROY FRESH LLC, <br><br> Plaintiffs, <br><br> and <br><br> CONFEDERACION DE ASOCIACIONES AGRICOLAS DEL ESTADO DE SINALOA, A.C., CONSEJO AGRICOLA DE BAJA CALIFORNIA, A.C., ASOCIACION MEXICANA DE HORTICULTURA PROTEGIDA, A.C., ASOCIACION DE PRODUCTORES DE HORTALIZAS DEL YAQUI Y MAYO, AND SISTEMA PRODUCTO TOMATE, <br><br> Consolidated Plaintiffs <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE FLORIDA TOMATO EXCHANGE, <br><br> Defendant-Intervenor. | Consolidated <br> Court No. 19-00204 |

COMMENTS OF PLAINTIFFS BIOPARQUES *ET AL.*
IN SUPPORT OF REMAND REDETERMINATION

WINTON & CHAPMAN PLLC
1100 13th Street, N.W., Suite 825
Washington, D.C. 20005
(202) 774-5500

Attorneys for Bioparques de Occidente,
   S.A. de C.V., Agricola La Primavera,
   S.A. de C.V, and Kaliroy Fresh LLC

January 7, 2025

Table of Contents

Page

ARGUMENT ................................................................................................................. 2

Table of Authorities

Page

U.S. COURT DECISIONS

*Trustees in Bankr. of N. Am. Rubber Thread Co. v. United States*,
    31 C.I.T. 2040 (2007)................................................................................................. 3

STATUTES AND REGULATIONS

19 U.S.C. § 1516a(1)(B) ............................................................................................... 3

28 U.S.C. § 1581(i)(1)(D) ............................................................................................. 3

ADMINISTRATIVE DETERMINATIONS

*Fresh Tomatoes from Mexico: Final Determination
    of Sales at Less Than Fair Value*,
    84 Fed. Reg. 57401 (Oct. 25, 2019). ........................................................................ 3

United States Court of International Trade
Before Jennifer Choe-Groves, Judge

| | |
|---|---|
| Bioparques de Occidente, S.A. de C.V., Agricola La Primavera, S.A. de C.V., and Kaliroy Fresh LLC, <br><br>Plaintiffs, <br><br>and <br><br>Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C., Consejo Agricola de Baja California, A.C., Asociacion Mexicana de Horticultura Protegida, A.C., Asociacion de Productores de Hortalizas del Yaqui y Mayo, and Sistema Producto Tomate, <br><br>Consolidated Plaintiffs <br><br>v. <br><br>United States, <br><br>Defendant, <br><br>and <br><br>The Florida Tomato Exchange, <br><br>Defendant-Intervenor. | Consolidated <br> Court No. 19-00204 |

Plaintiffs Comments in Support
of Redetermination on Remand

These comments are submitted on behalf of Plaintiffs Bioparques de Occidente, S.A. de C.V., Agricola La Primavera, S.A. de C.V., and Kaliroy Fresh LLC (collectively, "Bioparques Group") in support of the Redetermination on Remand by the Department of Commerce that was filed with the Court on October 22, 2024.

ARGUMENT

All parties appear to agree that Commerce's Redetermination fully implements the Court's Order of April 17, 2024, which required Commerce to base its final determination on the information collected in the original 1996 investigation in this case. Only one party, the NatureSweet Plaintiff-Intervenors, filed comments in opposition to Commerce's Redetermination.[1] The essence of NatureSweet's comments is that Commerce should have calculated an updated dumping margin for companies that did not exist at the time of the original 1996 investigation, like NatureSweet, to reflect changes in the tomato industry since that investigation.

At the same time, NatureSweet's comments explicitly admit that they "do{} not object to Commerce's Remand Redetermination as it responds to the Court's holding...."[2] Furthermore, they also conceded that "Commerce need not address the changes to the tomatoes industry in the continued investigation, per the Court's Order."[3] Instead, NatureSweet argues only that Commerce was obligated to initiate a "changed circumstances" review pursuant to 19 U.S.C. §1675(b) to calculate a dumping margin for NatureSweet based on more recent data.[4]

We agree that, as a general principle, it may be appropriate for Commerce to initiate a changed circumstances review to calculate updated dumping margins for individual respondents who, like NatureSweet, did not exist at the time of the 1996 investigation.

---

[1] The Naturesweet Plaintiff-Intervenors consist of NS Brands, Ltd., Naturesweet Invernaderos S. de R.L. de C.V, and NatureSweet Comercializadora, S. de R.L. de C.V.

[2] *See* NatureSweet's December 3, 2024, Comments at 2, ECF 130.

[3] *Id.,* at 6.

[4] *Id.*

- 2 -

However, that issue is not properly before the Court in this appeal. If NatureSweet wishes to contest Commerce's failure to initiate a changed circumstances review, it must file its own separate appeal.

Indeed, the statute indicates that this Court does not have jurisdiction to consider a failure by Commerce to initiate a changed circumstances review in an appeal that has been brought under 19 U.S.C. § 1516a such as this appeal. The list of determinations that are "reviewable" under 19 U.S.C. § 1516a does include "a determination *by the Commission*, under section 1675(b) of this title, not to review a determination based upon changed circumstances."[5] But nothing in 19 U.S.C. § 1516(a) makes a determination *by Commerce* not to conduct a changed circumstances review reviewable. Consequently, any challenge to Commerce's failure to initiate a changed circumstances review must be filed under the Court's residual jurisdiction, as described in 28 U.S.C. § 1581(i)(1)(D).[6]

Finally, we note that a Court order requiring Commerce to conduct a changed circumstances review to calculate a new dumping margin for NatureSweet as part of this appeal could seriously prejudice the Bioparques Group. As we have explained previously, the Bioparques Group commenced this appeal because Commerce's original final determination in the continued investigation placed the Bioparques Group uniquely at risk if the Tomatoes Suspension Agreement were ever terminated.[7] Commerce's Redetermination on Remand removes that risk by assigning the Bioparques Group the

---

[5] *See* 19 U.S.C. § 1516a(1)(B) (emphasis added).

[6] *See e.g.*, *Trustees in Bankr. of N. Am. Rubber Thread Co. v. United States*, 31 C.I.T. 2040, 2042 (2007) (in an appeal addressing whether Commerce properly did not conduct a changed circumstances review, the Court explained it "…has jurisdiction under 28 U.S.C. § 1581(i)").

[7] *See Fresh Tomatoes from Mexico: Final Determination of Sales at Less Than Fair Value*, 84 Fed. Reg. 57401 (Oct. 25, 2019).

same "all others" rate as other respondents.[8]  However, if approval of the Redetermination is delayed because the Court orders a further remand to address NatureSweet's request, the Bioparques Group might again face a risk of a significantly higher case deposit rate than other Mexican exporters if the Suspension Agreement is terminated before conclusion of this appeal.  In these circumstances, NatureSweet's attempt to hijack this appeal to address an issue that was not presented by the Court's April 17 Order, and over which the Court does not have jurisdiction in this appeal, should be rejected.

                                         Respectfully submitted,

                                         /s/Jeffrey M. Winton

                                         Jeffrey M. Winton
                                         Amrietha Nellan
                                         Vi N. Mai

                                         WINTON & CHAPMAN PLLC
                                         1100 13th Street, N.W., Suite 825
                                         Washington, D.C.  20005
                                         (202) 774-5500

                                         Attorneys for Bioparques de Occidente,
                                             S.A. de C.V., Agricola La Primavera,
                                             S.A. de C.V, and Kaliroy Fresh LLC

January 7, 2025

---

[8] *See* Redetermination on Remand at 36, ECF 121, Remand Confidential Record 66, Remand Public Record 68.

<u>Certificate of Compliance</u>

    Pursuant to the Court's "Standard Chambers Procedures," I, Jeffrey M. Winton, hereby certify that the word count function of the word-processing system used to prepare the foregoing brief indicates that the brief contains 720 words including headings, footnotes, and quotations, but not including the cover, caption, table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature block.

                                                           <u>/s/Jeffrey M. Winton</u>

January 7, 2025